UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAKASH NARAYAN,<br><br>     Plaintiff,<br><br>     v.<br><br>NBS DEFAULT SERVICE LLC, et al.,<br><br>     Defendants. | No. 2:22-cv-01103-DJC-CKD (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who proceeds in this action without counsel, filed the complaint in this matter on June 27, 2022, but has failed to prosecute. (ECF No. 1.) For the reasons set forth below, this action should be dismissed.

**Background**

On January 12, 2023, defendant Specialized Loan Service LLC filed a motion to consolidate this case with the matter entitled Kusum Lata N. v. NBS Default Services LLC et al., Case No. 2:22-cv-01960-DJC-CKD. Plaintiff did not file a response to defendant's motion to consolidate cases.

In addition, recent court orders were served on plaintiff's address of record and returned by the postal service as undeliverable with the notation that delivery was refused. Plaintiff has either failed to comply with Local Rule 183(b), which requires that a party appearing in propria persona inform the court of any address change, and/or has deliberately refused service.

1

By order dated April 4, 2023, plaintiff was informed that all court orders will be served to plaintiff's address of record and that acceptance of those orders is necessary to prosecution of the instant action. Plaintiff was cautioned further non-delivery of court orders would result in a recommendation that this action be dismissed. See Local Rule 110. Plaintiff was ordered to show cause, in writing, why the court should not dismiss this case. Plaintiff has not responded to the court's order, which was returned by U.S. Mail as undeliverable.

**Legal Standard**

Under Eastern District Local Rule 183(a), an individual proceeding without an attorney is bound by the Federal Rules of Civil Procedure and all other applicable law. See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005); Local Rule 183(a).

Before dismissing this case for failure to prosecute, the court weighs the following five factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Ferdik, 963 F.2d at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

**Analysis**

The first two factors weigh in favor of dismissal because this case has already been delayed and is now unable to move forward due to plaintiff's failure to prosecute. For the same reason, the third factor also slightly favors dismissal. With the passage of time, witnesses' memories fade and evidence becomes stale. Under the fourth factor, public policy favors disposition of cases on their merits, but plaintiff's failure to prosecute precludes a resolution on

the merits. Under the fifth factor, availability of less drastic alternatives, the court attempted to avoid dismissal by cautioning plaintiff about mail delivery and failure to oppose defendant's motion, giving plaintiff an opportunity to explain why the case should not be dismissed. Plaintiff has not responded to the court's order, leaving the court with little alternative but to recommend dismissal. Dismissal is appropriate under the Ferdik factors.

In addition, dismissal is warranted under Local Rule 183(b), which provides: "A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

## RECOMMENDATIONS

For the reasons set forth above, it is HEREBY RECOMMENDED that:

1. The action be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b);
2. The pending motions (ECF Nos. 2, 3, 11, 12, 14, 19, 20, 26, 31) be denied as MOOT;
3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 27, 2023

_[signature: Carolyn K. Delaney]_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Narayan22cv1103.nca.fr